**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| GERALDINE HIGHTOWER, | : |
| Plaintiff | : |
| v. | : CASE NO.: 1:14-cv-88 (WLS) |
| ALBANY ADVOCACY RESOURCE CENTER INC., | : |
| Defendant. | : |

**ORDER**

Before the Court is *pro se* Plaintiff Geraldine Hightower's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) For the following reasons, Plaintiff's Motion (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend her Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Friday, June 27, 2014**. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of her action.

**DISCUSSION**

**I.   *In Forma Pauperis* Procedure**

This Court must follow a well-established two-step procedure in processing a case filed *in forma pauperis* under 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. Jun. 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

## II. Plaintiff's Financial Status

Upon review of *pro se* Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2), the Court finds that Plaintiff appears to meet the requirements of 28 U.S.C. § 1915. Plaintiff reports no monthly income save for $189.00 in food stamps. Plaintiff does list the following as assets: a house valued at $29,000 and two cars valued at $14,000 and $1,500, respectively. Though, ordinarily, the Court would consider Plaintiff's assets as sufficient to allow her to obtain the necessary filing fees via a loan, for "filing jurisdiction" purposes only, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2.)

## III. Validity of Plaintiff's Complaint

With Plaintiff's indigent status confirmed, the Court must conduct a review of his Complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires a court to dismiss an indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The Court acknowledges that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the Court also recognizes that "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (citing *GJR Invs.*, 132 F.3d at 1369).

Here, Plaintiff's Complaint alleges that Defendant discriminated against her on the basis of her race, religion, sex, and national origin, all in violation of Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e, *et seq.*, the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, the Equal Pay Act, 29 U.S.C. § 206(d), the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1, and "EEOC all statutes." Despite this extensive list of alleged violations, Plaintiff's Complaint alleges only the following: that she was terminated after calling in sick and was told not to fill out an accident report after she informed her supervisor that she hit her knee on her desk. (Doc. 1 at 3.) These allegations, standing alone, do not state a claim under any of the aforementioned statutes. Therefore, the Court concludes that Plaintiff's Complaint currently fails to state a claim for relief.

At this juncture it would normally be appropriate for the Court to dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim. The Court will not dismiss the Complaint, however, because "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a pro se plaintiff an opportunity to amend [her] complaint instead of dismissing it." *Schmitt v. U.S. Office of Pers. Mgmt.*, 403 F. App'x 460, 462 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam)).

Accordingly, Plaintiff is **ORDERED** to amend her Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Friday, June 27, 2014**. Plaintiff must include sufficient factual allegations to support the claims in her complaint and state the statutory basis for those claims. If Plaintiff has not done so already, the Court recommends that she review the "Pro Se Litigant Guide" available from the Clerk's Office prior to filing her Amended Complaint. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of her action without further notice or proceedings.

## **CONCLUSION**

For the foregoing reasons, Plaintiff' Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend her Complaint (Doc. 1) in a written filing that must be received by the Clerk's Office not later than **Friday, June 27, 2014**. Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of her action without further notice or proceedings.

**SO ORDERED**, this   6th   day of June 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**