IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GERALDINE HIGHTOWER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-88 (WLS) |
| | : | |
| ALBANY ADVOCACY RESOURCE CENTER, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Albany Advocacy Resource Center, Inc.'s Motion to Dismiss. (Doc. 12.) For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The above-captioned case was first initiated by Plaintiff *pro se* on May 28, 2014. (Doc. 1.) Prior to initiating the case in this Court, Plaintiff filed a formal charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") received on October 23, 2013. One hundred and fourteen (114) days prior to filing her complaint, Plaintiff was mailed a Right to Sue letter from the EEOC on February 4, 2014. (Doc. 1-2.) On August 6, 2014, after retaining counsel, Plaintiff filed an amended complaint with the Court. (Doc. 7.) Plaintiff, a black female of fifty-six (56) years claims she was discriminated against and eventually terminated by Defendant on April 16, 2013 because of her race, gender, and age. On November 10, 2014, Defendant filed the pending Motion to Dismiss with the Court. (Doc. 12.) Plaintiff filed her response on December 30, 2014. (Doc. 13.) Defendant replied on January 9, 2015. (Doc. 16.)

### DISCUSSION

I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.  A motion to dismiss a

1

plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In evaluating the sufficiency of a plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In addition to considering the four corners of a complaint, a district court may also consider an extrinsic document only if it is central to a plaintiff's claim and its authenticity has not been challenged. *SFM Holdings, Ltd. v. Banc of America Securities, LLC.*, 600 F.3d 1334, 1337 (11th Cir. 2010).

**II.     Analysis**

Defendant argues Plaintiff's Complaint is deficient and should be dismissed because her charge was filed with the EEOC and her Complaint was filed in this Court outside the requisite statutory period. Defendant's first argument is that Plaintiff failed to timely file her charge with the EEOC. 42 U.S.C. § 2000e-5(e)(1) requires a party to file a charge with the

2

EEOC within one hundred and eighty (180) days after the occurrence of the unlawful employment practice. The 180 day statutory period to file a charge begins to run at the point which an employee receives notice of the discriminatory act, not at the point where those actions become painful. *Del. St. Coll. v. Ricks,* 449 U.S. 250, 258 (1980) (citing *Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (1979)("[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful"); *Brewer v. Alabama,* 111 F.Supp.2d 1197, 1205 (M.D. Ala 2000). A charge is formally filed when the EEOC receives a charge including a written statement sufficiently precise to identify the parties and to describe the actions or practices complained of. 29 C.F.R. § 1601.12(b).

Plaintiff's Complaint alleges that she was terminated on April 16, 2013. (Doc. 7 at ¶ 20.) Throughout her complaint, Plaintiff asserts that her termination was a result of race, gender, and age discrimination. Plaintiff's discrimination charge to the EEOC indicates that she was discharged on April 17, 2013, one day later than in her complaint. (Doc. 12-2.) Construing Plaintiff's complaint in a light most favorable to her, if the unlawful employment practices occurred on April 17, 2013 the EEOC would need to receive her charge by October 14, 2013. The EEOC received Plaintiff's charge in this case on October 23, 2013, nine days after it was due and outside of the required statutory period. As a consequence, Plaintiff's untimely charge alone is enough of a basis for the Court to dismiss her complaint.

However, Plaintiff's failure to properly file her charge with the EEOC is compounded by the fact she did not file her complaint in this Court within the requisite statutory period after receiving her notice of her right to sue. (*See* Doc. 1-2.) After receiving a right to sue letter from the EEOC, a plaintiff must file her complaint within ninety (90) days of receiving that letter. 42 U.S.C. § 2000e-5(f)(1). Plaintiff's Right to Sue Letter (Doc. 1-2) was mailed on February 4, 2014. Plaintiff does not indicate in her Amended Complaint when she received her Right to Sue. However, as Defendant rightly notes, Rule 6(d) establishes a presumption that receipt occurs three days after the document or notice is mailed if that date is unknown. Fed. R. Civ. P (6)(d)(stating "[w]hen a party may or must act within a specified time after service … service is made … 3 days are added after the period would otherwise expire under Rule 6(a)."). Assuming Plaintiff received her Right to Sue Letter not later than February 7, 2014, her complaint was still filed outside of the requisite statutory period.

3

Plaintiff's complaint was not filed until May 18, 2014, ten (10) days after the statutory deadline. Therefore, Plaintiff filed both her charge with the EEOC and her complaint in this Court outside of the clearly established statutory time allotted to do so.

Contrary to Plaintiff's assertion in her response to Defendant's argument, this case cannot be equitably tolled. Under the doctrine of equitable tolling a plaintiff can only sue after the statutory period in rare cases if she has been prevented from doing so due to inequitable circumstances. *Wallace v. Kato,* 549 U.S. 384, 396 (2007); *Robinson v. Schafer,* 305 Fed. App'x 629, 630 (11th Cir. 2008). In Title VII cases, equitable tolling may be appropriate if: (1) a state court action is pending; (2) the defendant concealed acts giving rise to a Title VII claim, or (3) the defendant misled the employee about the nature of his rights under Title VII. *Mesidor v. Waste Mgmt, Inc. of Fla.*, 606 F.App'x 934, 936 (11th Cir. 2015)(quotations omitted). None of the aforementioned situations are present in this case. Furthermore, there is no suggestion other inequitable circumstances such as never receiving notice, an actual delay in notice, or injury prohibiting Plaintiff from acting in accordance with the required statutory deadlines exists. Instead, Plaintiff in her response to Defendant's Motion claims that the statutory period should be estopped because Plaintiff, prior to hiring counsel, was proceeding *pro se.* This Court, in accordance with the holdings of the Eleventh Circuit, cannot excuse Plaintiff's failure to comply with the relevant requirements on the basis of Plaintiff's *pro se* status or ignorance of the law. *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997). None of the circumstances asserted by Plaintiff require the statutory period to be tolled.

Plaintiff's assertion that the statutory period should be estopped as it relates to Plaintiff's ADEA claim does nothing to bolster her position. Plaintiff alleges on the face of the complaint that her comparator is an individual named Miller, who is twenty-nine (29) years of age, and a person she was treated "worse than", not a person that was employed in her place. (Doc. 7 at ¶ 40.) Referring to Plaintiff's replacement as a comparator after the fact in her response, considering that person was not noted in Plaintiff's complaint, cannot now be included in the Court's consideration of her complaint. This Court, for the purposes of reviewing the merits of Defendant's Motion, will not consider arguments not supported by allegations in the complaint or within documents appropriate for the Court's consideration under Rule 12(b)(6). Therefore, the Court finds that Plaintiff failed to act in accordance with

4

the statutory requirements both in filing her charge with the EEOC and her complaint in this Court thereafter.[1]

### III.  Conclusion

Accordingly, for the reasons aforementioned Defendant's Motion to Dismiss is hereby **GRANTED**. (Doc. 12.) Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE**. (Doc. 7.)

    **SO ORDERED**, this   22nd   day of September, 2015.

                        /s/ W. Louis Sands
                        **W. LOUIS SANDS, SR. JUDGE**
                        **UNITED STATES DISTRICT COURT**

---

[1] The Court need not consider Defendant's third argument that Plaintiff failed to administratively exhaust her remedies given the fact the Court has found that she has failed to timely file her charge with EEOC and complaint in a timely fashion.

5